## D. C. Edwards, Appellant, v. Frank D. Hudson et al., Appellees.

1. PARTNERSHIPS—*particular contracts construed as showing a joint adventure.* Held, under the terms of the contracts in question in this case, that they did not, strictly speaking, show a partnership but did establish a joint adventure and a community of interest having something of the elements of a partnership, and that the rights and interests of all parties concerned were so complex as to require the intervention of a court of equity.

2. PLEADING—*when cross-bill may be maintained.* Where the subject-matter of the litigation is within the jurisdiction of the court and all of the parties in interest in a fund are before the court it is proper that a cross-bill be filed and it is the duty of the court to take cognizance of such cross-bill and determine the respective rights and interests of the parties therein and thereto.

Bill for accounting. Appeal from the Circuit Court of Franklin county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed November 11, 1911.

SPILLER & MILLER, for appellant; I. R. SPILLMAN, of counsel.

WILLIAM H. WARDER and W. S. CANTRELL, W. H. WILLIAMS and A. C. BARNETT, for appellee; LEN COLP, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

In the year 1907, the defendants, Henry Hudson and Frank D. Hudson, were possessed of options to certain coal rights in Franklin, Jefferson and Hamilton counties, Illinois, and on July 27 of that year, entered into a written contract concerning the same, with appellant, D. C. Edwards. This contract provided that said Henry and Frank D. Hudson, in consideration of the sum of $300 in hand paid and other good and sufficient considerations, did grant unto said D. C. Edwards "the privilege of purchasing all the coal rights" situated in certain localities in the counties above mentioned and aggregating 100,000 acres more or less, for the price of $37.50 per acre, said privilege of purchase to be in force and effect as long as said options were in force or as long as they might thereafter be extended; that in case of sale under the agreement, the profits arising from such sale should be divided equally between the three parties to the agreement; that in case of a sale at a figure above the amount named, the said Hudsons were not to share in any of the profits arising from such sale over and above the price of $37.50 per acre and that the profits should be determined by the difference between the price in each of the original options executed by the owners of the land and the sale price; that in the event of a sale being made by complainant, said Hudsons agreed to convey or cause to be conveyed by a good and sufficient warranty deed to complainant, or his assigns, all the coal rights above described, upon the payment of the above stipulated price per acre; that complainant should have the exclusive sale of all the oil and gas rights, held or thereafter acquired, under certain of the premises mentioned in said contract and in consideration of making a sale, complainant was to retain one-half of the sale price received for such oil and gas rights and the two Hudsons should receive one-fourth each. Afterwards on June 24, 1909, no sales of coal

rights having been in the meantime made under the
contract above mentioned, said defendant, Frank D.
Hudson, and complainant entered into another con-
tract, which provided, that whereas said Frank D.
Hudson and complainant had the privilege of purchas-
ing all the coal rights pertaining to certain lands situ-
ated in the counties of Franklin, Hamilton and Jeffer-
son, in the State of Illinois, known as the "Hudson
option" aggregating 50,000 acres more or less and evi-
denced by options, contracts and deeds in escrow,
taken in the name of Frank D. Hudson for considera-
tions therein named. It was therefore agreed, that so
long as said options and escrow conveyances were in
force or might thereafter be extended, each of said
parties should be entitled to an undivided one-fifth in-
terest therein and to the profits arising from the sale
thereof, and that said coal rights should not be sold
for less than $38 nor more than $40 per acre; that
the profits should be the excess of whatever said coal
rights should be sold for, over and above the purchase
price, including the field-men's commission, which
should not exceed fifty cents per acre; that each of
the parties to the contract should have a like one-third
interest in the oil and gas rights pertaining to said
50,000 acres of land; that in case of the sale of the coal
rights, the oil and gas being reserved therefrom, the
said Hudson would convey unto complainant the un-
divided one-third interest in all the oil and gas so re-
served from such sale. The contract concluded with
the following provisions: "It is further agreed that
if any extensions of options, contracts or escrow deeds,
are made to any part of the 50,000 acres referred to
in the contract between the said parties hereto dated
July the 27, 1907, which has expired and which the said
Hudson has not been able to renew, shall be hereafter
obtained and renewed in any way, that the same shall
go into and be a part of the acreage herein contem-

plated, as the basis and subject of this contract. It is further agreed and understood that in case the sale of said coal rights is made under this contract, the party making said sale shall immediately notify the other party hereto of the consummation of such sale.''

Subsequently on December 31, 1909, the defendant, Frank D. Hudson, notified complainant in writing that he had sold the coal rights named in said contract of June 24, 1909, to eastern parties through Messrs. Anderson and McGregor of Chicago, Illinois, and notified complainant to withdraw and cancel any offering of said rights he may have made.

No settlement was made between complainant and Frank D. Hudson of profits which may have been derived by the latter from the sale of said options or coal interests and on May 12, 1910, complainant commenced this suit by filing his bill for an accounting.

Defendants to the bill are Frank D. Hudson and Henry Hudson, who are designated as defendants, and Sam T. Brush, Leon Colp, A. Cummins, Arthur Roberts, John Colp, B. H. Taylor, Loren N. Wood, E. Anderson and John McGregor, who are designated as co-defendants.

The bill sets out the contract of complainant with Frank D. and Henry Hudson of July 27, 1907, above referred to and alleges that appellant, relying on said contract, spent large sums of money in endeavoring to interest parties in this and foreign countries, in the purchase of said coal, oil and gas options; that he spent months of time in conferring with parties whom he had interested therein; that he allowed his options on certain large tracts, amounting to 40,000 acres more or less to lapse; that said Hudsons informed him they had been unable to obtain a renewal on the 100,000 acres of land above mentioned, and relying on such statements, appellant, on June 24, 1909, made another contract with defendant, Frank D. Hudson, not relinquishing his rights under the former contract but contracting concerning 50,000 acres of the 100,000 acres

mentioned in the former contract upon which the Hudsons represented they had been unable to obtain another option.

The bill then sets out the contract of June 24, 1909, above referred to and further represents that said options on the 100,000 acre tract have not in fact lapsed but are still in force and effect; that he is informed and believes that sales have been made by said Hudsons to E. Anderson and that these interests have been conveyed by said Anderson to Sam T. Brush and from said Brush to Anderson and Cummins and from said Cummins to United States Steel Corporation, or to other persons to the complainant unknown; that some of said interests have been conveyed by the Hudsons to the parties above named as co-defendants and that said co-defendants are now paying the said defendants for said interests; that the defendants claim the purchase money for said lands and refuse to allow the co-defendants to recognize the rights of complainant therein.

The bill prayed for an accounting from the defendants, and that they be ordered to pay complainant his part of all sums which have been heretofore or may be hereafter collected or received by them on account of said transactions and for an injunction against defendants and co-defendants to prevent further proceedings in said transactions.

The defendants, Frank D. Hudson and Henry Hudson, filed separate answers in which they admit the making of said contract of July 27, 1907, but stated that it had expired by its own terms prior to the making of the contract of June 24, 1909. They both deny various material allegations of the bill and state that they are under no obligations to account to complainant for the reason that he has no interest with them in said lands or options.

Defendants, B. H. Taylor and Leon Colp, disclaimed

any interest in said coal, oil or gas rights and the other defendants filed answers setting up their connection with the transaction.

Defendants, Loren N. Wood and A. Cummins, also filed a cross-bill in the nature of a bill of interpleader in which it is stated that Wood was the agent of Cummins and had no interest in the subject-matter of the suit; that Cummins had contracted with Colp-Brush Company for the purchase of coal, oil and gas under certain of the lands in question and that said company, which is a co-partnership, demands the full amount due for said rights, so purchased, in excess of the amounts paid by Cummins to the record owners of said lands, and that said co-partnership insists that complainant, D. C. Edwards, has no right, title or interest in said sum; also that said Edwards has served written notice upon said Wood and Cummins, notifying them not to proceed with the purchase of said lands, without his consent and that in the event of so proceeding, he will enforce his claim against said lands and coal rights under the contracts hereinbefore referred to; that Wood and Cummins have always been ready and willing to pay the full amount of the purchase price provided to be paid, upon the contract of Cummins with the Colp-Brush Company, and offer to bring said sums into court; that said Edwards on one hand and the Colp-Brush Company on the other each claims said sums of money and insists upon the payment of the same and threatens to bring suit against Cummins in case of his default or failure to make the same.

Answers were filed to the cross-bill by such parties as did not disclaim interest in the transaction. A hearing of the case was entered into and at the close of the evidence for complainant in the original bill, the defendants, Frank D. Hudson and Henry Hudson, and co-defendants, E. Anderson and John McGregor, filed their demurrer to the evidence, which was sustained

by the court and the original bill of complaint was dismissed by the court for want of equity.

It was further ordered by the court that the cross-bill be also dismissed for want of equity. Complainant in the original bill appealed to this court and the complainants in the cross-bill of interpleader have assigned cross-errors.

We have set out the pleadings and contracts relied on in this case somewhat at length for the reason that it is largely upon the consideration of them that our disposition of this appeal is based.

It is claimed by appellees that said contract of July 27, 1909, did not give appellant an interest in the options to the coal rights in controversy, but was simply an agreement between appellants and said Hudsons, giving the former the privilege of purchasing certain coal rights then held under the option by said Hudsons and nothing more; that the second agreement of June 24, 1909, was without consideration either good or valuable and therefore a mere *nudum pactum;* that appellant had a complete remedy at law against appellees Hudson; that no partnership existed between appellant and appellees Hudson and that appellant was not entitled to an accounting.

On the other hand it is contended by appellant that by virtue of the two contracts above referred to, he had an interest in said coal, oil and gas rights known as the "Hudson option;" that said contracts constituted a partnership between him and one of said Hudsons and that a sale of said option having been made by one of the Hudsons, appellant was entitled as a partner to an accounting and to his share of the profits.

We are of the opinion without going into details that a proper construction and interpretation of the two contracts in question, show that appellant had an interest in said "Hudson option," which he was entitled to enforce. The consideration for the original

contract was $300 "and other good and sufficient considerations." It also appears to us that the second contract of June 24, 1909, was supplemental to and based upon the first contract and that it is not without consideration. These contracts do not either one or both appear to us, strictly speaking, to show a partnership between appellant and the Hudsons, but do show a joint adventure and a community of interests between them, having something of the elements of a partnership, and the rights and interests of all the parties concerned are so complex that they can be much more readily and satisfactorily adjusted in a court of equity, than in a court of law.

But regardless of the question whether appellant has or has not a complete remedy at law to sustain any rights he may have against the defendants or co-defendants below, we are of opinion the decree cannot be permitted to stand for the reason that the court below erred in dismissing the cross-bill for want of equity. That bill alleged that complainants therein, or at least the complainant Cummins, held a fund which was claimed on the one hand by appellant Edwards and on the other by the appellees, composing the partnership known as the Colp-Brush Company, and asked to be permitted to bring said sums of money into court to be paid to the parties to whom the court should adjudge it to rightfully belong. The evidence in the case also fully sustained these allegations of the cross-bill.

We are of the opinion the complainants in the cross-bill, having been brought into court in this proceeding, had a right to file and maintain their cross-bill in order to avoid serious and annoying litigation over a fund which they were willing to pay to the parties entitled thereto.

It is true that a bill of interpleader is generally an original bill and is not often the proper subject of a cross-bill, as ordinarily the rights of a party who holds

a fund which is the subject of conflicting claims by two or more other persons, may be determined and properly protected by answer. In this case, however, the complainants in the cross-bill of interpleader, could not have properly protected their rights without filing the cross-bill as, had they relied upon their answer, they would have been out of court when the original bill was dismissed for want of equity. The cross-bill therefore should have been sustained and the court having taken jurisdiction of the subject-matter for the purposes of the cross-bill, and all the parties interested in the fund being in court, the court could then properly determine the rights and interests of all the parties and direct the payment of the fund in question, to the person or persons properly entitled thereto.

The decree of the court below will accordingly be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*